David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
(619) 233-7770
(619) 297-1022

Attorneys for Plaintiffs
Sergei and Tatyana Badeka



FILED
2011 MAY 26  P 1:28
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sergei Badeka and Tatyana Badeka<br><br>Plaintiffs,<br><br>v.<br><br>National Credit Systems, Inc. and UDR Inc.<br><br>Defendants. | Case Number: **CV11-02558**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their



grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

4. Sergei and Tatyana Badeka ("Plaintiffs") through Plaintiffs' attorneys, brings this action to challenge the actions of National Credit Systems, Inc. ("NCS") and UDR Inc. ("Defendants"), with regard to erroneous reports of derogatory

and negative credit information made by Defendant to national reporting agencies, for failure of Defendant to properly investigate, illegal collection practices, all of which caused Plaintiff damages.

5. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

6. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and/or negligently, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Palo Alto, County of Santa Clara, State of California.

12. Defendant NCS is located in the City of Atlanta, County of Fulton, State of Georgia.

13. Defendant UDR Inc. is located in the City of Denver, in the State of Colorado.

14. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

15. Plaintiffs are informed and believe, and thereon allege that Defendant is a furnisher of information as contemplated by 15 U.S.C. 1681s-2(b), that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

16. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendant is a person who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

21. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

22. At all times relevant, Defendant conducted business within the State of California.

23. Plaintiffs are informed and believe, and thereon allege, that Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the Defendant.

24. On or about March 2009 Plaintiffs moved into apartments owned and operated by Defendant UDR Inc.

25. On or about June 7, 2010 Plaintiffs moved out of the apartment owned and operated by Defendant UDR Inc.

26. Upon moving out of said apartments, Plaintiffs allegedly incurred a debt to Defendant UDR Inc.

27. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

28. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

29. Plaintiff's are informed and believe, and there upon allege that Defendant UDR Inc. failed to either return Plaintiff's security deposit for the rental property within twenty-one (21) days of Plaintiffs vacating or in the alternative provide an itemized statement within that same timeframe as required by California law.

30. Instead Defendant UDR then attempted to untimely charge Plaintiffs for supposed damages, repairs, and costs that were not Plaintiffs.

31. Through this conduct, Defendant UDR was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. §

1692f(1) as it is incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

32. Sometime after June 2010 Defendant UDR hired, assigned or transferred the alleged debt to Defendant NCS for collection.

33. Plaintiff communicated with Defendant NCS on several occasions.

34. Plaintiffs timely disputed the alleged debt, including providing detailed information on why the amount sought was not owed.

35. Plaintiff subsequently learned that Defendant NCS had reported the alleged debt on their credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

36. On or about March 14, 2011 Plaintiff disputed the account pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Equifax, Transunion, and Experian, in writing, that the amount sought was not correct nor legal.

37. Subsequently Plaintiff received notification from all three credit bureaus that Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i (a)(6), and verified the account as being reported accurately on Plaintiff's credit report.

38. Plaintiff's credit reports still show the erroneous information, specifically the amount of the debt claimed to be owed.

39. Through this conduct, Defendants communicated or threatened to communicate to a person credit information which was known or which should have been known to be false, including the failure to communicate that a disputed debt is disputed. Consequently, Defendant violated 15 U.S.C. § 1692e(8). Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

40. Plaintiff believes that Defendants, upon receiving notice of their alleged dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

41. Plaintiff further believes that Defendants failed to review all relevant information provided by Plaintiff's in their dispute to the credit reporting agencies as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

42. Due to Defendants' failure to investigate, Defendants further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing Defendants to report inaccurate information to the pertinent credit reporting agencies in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

43. Plaintiffs' continued efforts to correct Defendants' erroneous and negative reporting of the alleged debt by continued communications and disputes with Defendant and the pertinent CRA's was fruitless.

44. Defendants continued inaccurate and negative reporting of the alleged debt in light of its knowledge of the actual error was willful.

45. Defendants' inaccurate and negative reporting damaged Plaintiffs' creditworthiness.

46. By inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

47. When Defendant NCS was communicating with Plaintiffs regarding their dispute, Defendant NCS used envelopes that indicated that Defendant was a debt collector.

48. Through this conduct, Defendant used language or symbols, other than Defendant address, on an envelope when communicating with a consumer by use of the mails or by telegram. Consequently, Defendant violated 15 U.S.C. § 1692f(8).

49. Despite Plaintiffs providing clear documentation that Plaintiffs were not responsible for the alleged debt Defendants continued to attempt to collect the improper debt from Plaintiffs.

50. Through this conduct, Defendant NCS was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

51. Through this conduct, Defendant UDR was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1) as it is incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

52. Plaintiff is informed and believes and thereon alleges that Defendant NCS was acting as an agent of Defendant UDR; Therefore, Defendant UDR can be held responsible and is vicariously liable for the conduct of Defendant NCS, and vice versa, and Plaintiff incorporates all theories of vicarious liability within this Complaint, including, but not limited to, respondeat superior.

## CAUSES OF ACTION

### COUNT I

### FAIR CREDIT REPORTING ACT (FCRA)

### 15 U.S.C. §§ 1681 ET SEQ.

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to

each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

55. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.

56. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

57. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

58. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## COUNT III
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32

59. Plaintiff repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act.

61. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to

$1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I
### FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681 ET SEQ.

62. An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

63. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA.

### COUNT II
### FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32

64. An award of any actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

65. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

66. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT III
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

67. An award of any actual damages pursuant to Cal. Civ. Code § 1788.30(a);

68. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and

69. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### TRIAL BY JURY

70. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: May 20, 2011          **Hyde & Swigart**

By: _____
Joshua B. Swigart
Attorneys for Plaintiff